UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| SIDNEY PRESTON, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:11-00170-JBC |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| VERONICA PRESTON, *et al.*, | ) **AND ORDER** |
| | ) |
| Defendants. | ) |

\* \* \* \* \*   \* \* \* \* \*   \* \* \* \* \*   \* \* \* \* \*

Sidney Preston, confined in the Roederer Correctional Complex in LaGrange, Kentucky, has asserted state and federal claims against Veronica Preston, his former spouse; Jessamine County; Brian Goettl, Jessamine County Attorney; the Jessamine County Commonwealth's Attorney;[1] and the "Commonwealth of Kentucky Department of Child Support."[2]

Preston has been granted *in forma pauperis* status. Accordingly, the court now screens Preston's Complaint under 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. The

---

[1] The Clerk of the Court will be instructed to list the Jessamine County Commonwealth's Attorney as an additional defendant on the CM/ECF cover sheet.

[2] The official name of this state governmental entity is the Commonwealth of Kentucky Cabinet for Health and Family Services ("CHFS"), Department of Income Support ("DIS"), Child Support Enforcement ("CSE"). *See* http://chfs.ky.gov/dis/cse.htm. CSE "[p]rovides assistance to any person with a minor child who needs financial support from a noncustodial parent." *See* http://chfs.ky.gov/Services/Children.htm.

court will dismiss with prejudice Preston's claims seeking damages from the Commonwealth of Kentucky, and because it must abstain from considering Preston's claims against the other four defendants, will dismiss those claims without prejudice.

**Allegations of the Complaint**

Preston states that in January 2009, he was erroneously charged in the Jessamine Circuit Court with Flagrant Non-Payment of Child Support, a felony. In September 2009, Veronica Preston obtained a criminal complaint against him in that court, charging him with failure to make monthly child support payments and with failure to pay an almost $30,000.00 child support arrearage. Preston states that he was subsequently indicted and arrested for Flagrant Non-Payment of Child Support, in violation of KRS 530.050.

Preston alleges that because of various extenuating circumstances, including his incarceration from 2000 to 2004, and the fact that he made substantial payments toward his child support obligations, he should not have been charged with committing the felony offense. He alleges that by filing the felony charge against him, Jessamine County Attorney Brian Goettl "used his [Preston's] parole to blackmail" him. [R. 1, p. 5]. Preston further alleges that Veronica Preston and the defendant Jessamine County officials have unlawfully imprisoned him; destroyed his business and deprived him of his income; subjected him to unwarranted physical deterioration; and inflicted on him emotional distress so severe that he was arrested for, and convicted of, Driving Under the Influence, for which he is now in serving a sentence in state prison. [*Id.*, p. 5-6].

Broadly construed, Preston's claims are for malicious prosecution, abuse of the judicial process, and/or violations of his federal right to due process of law, guaranteed by

the Fourteenth Amendment of the federal Constitution. Preston seeks $3 million in compensatory damages and $3 million in punitive damages; instigation of perjury charges against Veronica Preston and the Defendant Jessamine County officials; court costs, and attorney's fees.

**Discussion**

The records of the Jessamine Circuit Court reveal that on January 22, 2010, Preston was indicted for Flagrant Non-Payment of Child Support. *Commonwealth of Kentucky v. Sidney Preston*, Case No. 10-CR-00019. On April 21, 2011, Jessamine Circuit Judge Hunter Daugherty scheduled a status hearing for May 26, 2011. Another status hearing was scheduled for 9:00 a.m. on June 10, 2011.

At the screening phase, a district court must accept as true the allegations and legal arguments in a *pro se* complaint and construe them in the plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). However, Federal Rule of Civil Procedure 12(h)(3) directs a court to dismiss an action if it determines "at any time" that it lacks subject-matter jurisdiction.

Preston essentially alleges that the defendants violated his constitutional rights by criminally charging him for alleged felony non-payment of child support payments. Ordinarily, under 28 U.S.C. § 1331, this court would have subject-matter jurisdiction over claims involving an alleged violation of federal law or an alleged violation of civil rights under 28 U.S.C. § 1343(3). However, federal courts must abstain from hearing a civil action when doing so would interfere with a pending state court criminal action. *See*

*Younger v. Harris*, 401 U.S. 37 (1971); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987).[3] Additionally, a district court can consider, on its own motion, whether the *Younger* abstention doctrine applies. *ADSA, Inc. v. Ohio*, No. 04-4525, 2006 WL 1008319, at * 2 (6th Cir. April 18, 2006); *Doscher v. Menifee Circuit Court*, No. 03-5229, 2003 WL 22220534, at *1 (6th Cir. September 24, 2003) (affirming dismissal of complaint upon initial screening for lack of subject matter jurisdiction under *Younger*).

The three factors supporting *Younger* abstention exist in this case. First, a state judicial proceeding -- a criminal proceeding -- was ongoing when Preston filed this complaint on April 29, 2011, and that state court criminal proceeding remains pending. Second, state criminal proceedings involve important state interests. *See*, *e.g.*, *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Third, Preston can assert constitutional challenges to his arrest and prosecution in his pending criminal proceeding, and if unsuccessful there, he can raise the claims on appeal in the Kentucky appellate courts. *See Foster v. Kassulke*, 898 F.2d 1144, 1157 (6th Cir. 1990).

Preston is seeking federal review of a state-court criminal proceeding before that state proceeding has concluded. If this court entertained Preston's § 1983 claims, it would effectively be interfering with his pending state court criminal prosecution, because inconsistent outcomes could potentially result. Under the *Younger* line of cases and considerations of comity, this court must abstain from exercising subject-matter jurisdiction

---

[3] Preston is currently involved in a pending state court *criminal* proceeding, but it stems from his alleged non-payment of child support. Abstention is also warranted where the ongoing state judicial proceedings involve divorce or child custody. *Moore v. Sims*, 442 U.S. 415, 423, 435 (1979); *Mann v. Conlin*, 22 F.3d 100, 106 (6th Cir.), *cert. denied*, 513 U.S. 870 (1994).

over Preston's construed state law and Fourteenth Amendment claims against Veronica Preston, Jessamine County, Brian Goettl and the Jessamine County Commonwealth's Attorney. *Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Thrower v. Jividen*, 232 F. Supp.2d 793, 796 (N.D. Ohio 2002). When *Younger* abstention is appropriate, dismissal without prejudice is required. *Zalman v. Armstrong*, 802 F.2d 199, 207 n.11 (6th Cir.1986). Preston's claims against Veronica Preston, Jessamine County, Brian Goettl and the Jessamine County Commonwealth's Attorney will therefore be dismissed without prejudice.

Finally, Preston's claim's against the CHFS/DIS-CSE will be dismissed with prejudice. The CHFS is an agency of the Commonwealth of Kentucky, created and organized by Kentucky statute. *See* Ky. Rev. Stat. 211.015. As the CHFS is a state agency, it is not a "person" amenable to a suit for damages under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Wells v. Brown*, 891 F.3d 591, 592-93 (6th Cir. 1989); *Daleure v. Kentucky*, 119 F. Supp.2d 683, 687 (W.D. Ky. 2000).

Further, the Eleventh Amendment to the U.S. Constitution specifically prohibits federal suits for money damages brought directly against the state, its agencies, and state officials sued in their official capacities, regardless of the whether the plaintiff seeks monetary damages or injunctive or declaratory relief. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984). Therefore, Preston's demands for monetary damages from the CHFS/ DIS-CSE fail to state a claim upon which relief can be granted, and will be dismissed with prejudice. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii).

**Conclusion**

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall list on the CM/ECF cover sheet the Jessamine County Commonwealth's Attorney as an additional defendant to this action.

2. Preston's construed constitutional claims against Defendants Veronica Preston; Jessamine County; Brian Goettl, Jessamine County Attorney; and the Jessamine County Commonwealth's Attorney, are **DISMISSED WITHOUT PREJUDICE**.

3. Preston's claims against the "Commonwealth of Kentucky Department of Child Support," officially known as the Commonwealth of Kentucky Cabinet for Health and Family Services, Department of Income Support, Child Support Enforcement, are **DISMISSED WITH PREJUDICE**.

4. Preston's Complaint, [R.1], is **DISMISSED**.

5. The Court will enter an appropriate Judgment.

Signed on June 14, 2011

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY